'FILED

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA       2012 APR -6  AM 11: 27

_____ Division

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

ELKINS CONSTRUCTORS, INC.,
a Florida corporation,

    Plaintiff,

CASE NO. 3:12-CV-380-J-34JBT

-v-

LIBERTY MUTUAL INSURANCE COMPANY,
a foreign corporation,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, Elkins Constructors, Inc. ("Elkins"), and sues Defendant, Liberty Mutual Insurance Company ("Liberty") and alleges:

1. This is an action for damages in excess of $75,000.00 exclusive of interest, costs, and attorney fees.

2. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1391 respectively.

3. Elkins is a Florida corporation with its principal place of business is located in Jacksonville, Florida.

4. Liberty is corporation organized under the laws of the State of Massachusetts. Liberty's principal place of business is located in Boston, Massachusetts.

5. All conditions precedent to filing of each cause of action alleged in this complaint have been performed, excused or waived.

## COUNT I

Elkins realleges and incorporates paragraphs 1-5 as if fully set forth herein.

6. Elkins and the University of South Alabama entered into an agreement whereby Elkins agreed to serve as the general contractor for a construction project known as the University of South Alabama Student Housing, located in Mobile, Alabama (the "Project").

7. Air Comfort Company, Inc. ("ACC") entered into a subcontract agreement with Elkins whereby ACC agreed to perform certain construction work on the Project in exchange for payment (hereinafter the "Subcontract"). A copy of the Subcontract is attached hereto as **Exhibit "A"** and fully incorporated by this reference.

8. ACC as principal and Liberty as surety issued a performance bond (the "Bond") in favor of Elkins as the named obligee. A true and correct copy of the Bond is attached hereto as **Exhibit "B"** and fully incorporated by this reference.

9. The terms of the Bond provide that Liberty is obligated to guarantee the performance of ACC's Work in connection with the Subcontract.

10. The terms of the Bond require Liberty to either: promptly remedy any default by ACC; or, perform ACC's obligations under the Subcontract; or, arrange for completion of the Subcontract by others and pay the costs thereof less the "balance of the subcontract price"; or, waive its right to perform, complete, or hire others to complete, and as soon as practicable tender payment to Elkins of all amounts Liberty is obligated to pay pursuant to the Bond, the Subcontract and applicable law.

11. ACC defaulted under the Subcontract and Elkins properly declared ACC to

be in default and notified Liberty of such default.

12. Liberty elected to proceed under Article 1.4 of the Bond and Elkins was forced to supply the labor, material, and equipment reasonably required to complete the performance of the Subcontract and mitigate damages caused by ACC's default.

13. Elkins properly submitted its claims to Liberty for reimbursement for corrective and completion work under the contract, including costs incurred for contract administration, and costs properly payable pursuant to the terms of the Subcontract such as overhead and profit.

14. Liberty breached its obligations under the Bond by failing or refusing to pay Elkins.

15. Liberty conditioned payment to Elkins of all amounts Liberty is obligated to pay pursuant to the Bond upon Elkins providing Liberty with a full, unconditional release. Liberty's refusal to tender payment of all amounts Liberty is obligated to pay to Elkins as soon as practicable constituted a breach of the Bond.

16. The failure of Liberty to perform as required by the Bond constituted a breach of the Bond.

17. As a direct and proximate result of Liberty's breaches of its obligations pursuant to the Bond, Elkins has suffered monetary damages.

18. Elkins has retained the undersigned law firm and has agreed to pay it reasonable attorneys' fees to pursue this action against Liberty. Pursuant to Sections 627.756 and 627.428, Florida Statutes, Elkins seeks to recover reasonable attorneys' fees and costs incurred by Elkins as a result of Liberty's failure or refusal to perform Liberty's

obligations under the Performance Bond.

WHEREFORE, Elkins demands judgment against Liberty for monetary damages, reasonable attorneys' fees, the costs of this action, prejudgment and post-judgment interest, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of April 2012.

                                SMITH, CURRIE & HANCOCK LLP

                                _____
                                Brian A. Wolf
                                Florida Bar No. 983683
                                One East Broward Boulevard, Suite 620
                                Ft. Lauderdale, Florida 33301
                                Telephone: (954) 761-8700
                                Facsimile: (954) 524-6927

                                Counsel for Elkins Constructors, Inc.