IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ELKINS CONSTRUCTORS, INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 3:12-CV-380-J-34JBT |
| | ) |
| LIBERTY MUTUAL INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## ANSWER

COMES NOW DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual" or "Defendant") and files its Answer to Plaintiff Elkins Constructors, Inc.'s ("Elkins" or "Plaintiff") Complaint and each paragraph in it and states as follows:

1. Liberty Mutual admits that Plaintiff asserts in paragraph one that "[t]his is an action for damages in excess of $75,000 exclusive of interest, costs, and attorney fees." Liberty Mutual denies that Plaintiff is entitled to any judgment, damages, and/or relief whatsoever from this Defendant.

2. No response is necessary to the allegations of paragraph two as they call for a legal conclusion. To the extent a response is deemed necessary, Liberty Mutual denies the allegations and demands strict proof thereof.

3. Liberty Mutual admits that, upon information and belief, Elkins appears to be a Florida corporation with its principal place of business located in Jacksonville, Florida. However, Liberty Mutual lacks sufficient knowledge and information to form a belief as to the allegations and, therefore, must deny the allegations and demand strict proof thereof.

4. Liberty Mutual admits that it is a company organized under the laws of the State of Massachusetts with its principal place of business in Massachusetts.

5. No response is necessary to the allegations of paragraph five as they call for a legal conclusion. To the extent a response is deemed necessary, Liberty Mutual denies the allegations and demands strict proof thereof.

## COUNT I

Liberty Mutual adopts and incorporates its responses to paragraphs one through five as if set forth in full herein.

6. Liberty Mutual admits the allegations of paragraph six.

7. Liberty Mutual admits that, upon information and belief, Air Comfort Company ("ACC") entered into a subcontract agreement with Elkins whereby ACC agreed to perform certain construction work on the subject project in exchange for payment. Liberty Mutual further admits that Exhibit "A" appears to be a copy of said subcontract.

8. Liberty Mutual admits that, at the request of ACC and its indemnitors, Liberty Mutual issued a Subcontract Performance Bond in favor of Elkins as the obligee. Liberty Mutual admits that Exhibit "B" appears to be a copy of said Subcontract Performance Bond.

9. The terms of the subject Subcontract Performance Bond speak for themselves, and Liberty Mutual denies any inconsistent and/or inaccurate allegations in paragraph nine and demands strict proof thereof.

10. The terms of the subject Subcontract Performance Bond speak for themselves, and Liberty Mutual denies any inconsistent and/or inaccurate allegations in paragraph ten and demands strict proof thereof.

11. Liberty Mutual admits solely that Elkins declared ACC to be in default under the terms of the subcontract and that Elkins notified Liberty Mutual of said declaration of default.

12. Liberty Mutual admits that following Elkins' default of ACC and termination of the subcontract with ACC, Liberty Mutual invoked Paragraph 1.4(a) of the Subcontract Performance Bond. Pursuant to paragraph 1.4(a) of the Subcontract Performance Bond, Elkins was to arrange for completion of the subcontract work, and Liberty Mutual would reimburse Elkins for appropriate work and payments that were properly submitted to Liberty Mutual, and which Liberty Mutual determined were appropriate following its investigation.

{B1425304}

13.   Liberty Mutual admits that Elkins submitted certain claims for reimbursement to Liberty Mutual for work and materials purportedly performed and utilized following the termination of the ACC subcontract.  Liberty Mutual denies that all such claims for reimbursement were properly submitted and/or payable including, but not limited to, certain corrective and completion work, overhead and profit.

14.   Liberty Mutual denies the allegations of paragraph 14 and demands strict proof thereof.

15.   Liberty Mutual admits that a condition precedent to final payment to Elkins for reimbursement for appropriate work and payments was a full release of any and all claims against Liberty Mutual.  Liberty Mutual expended at least $794,998.00 in fulfilling its obligations under the subcontract performance and payment bonds issued on behalf of ACC.  Liberty Mutual denies the remaining allegations of paragraph 15 and demands strict proof thereof.

16.   Liberty Mutual denies the allegations of paragraph 16 and demands strict proof thereof.

17.   Liberty Mutual denies the allegations of paragraph 17 and demands strict proof thereof.

18.   Liberty Mutual admits that, upon information and belief, Elkins retained the firm of Smith, Currie & Hancock, LLP to represent it in this action.

Liberty Mutual lacks sufficient knowledge and information to form a belief as to the allegation that Elkins agreed "to pay [Smith, Currie & Hancock, LLP] reasonable attorneys' fees to pursue this action against Liberty" and, therefore, must deny the allegation and demand strict proof thereof.  Liberty Mutual admits that Elkins is attempting to recover reasonable attorney's fees from Liberty Mutual in this action, but denies that Elkins is entitled to any such relief.

All allegations not specifically admitted are hereby denied.  Further, Liberty Mutual denies the allegations in the Prayer for Relief and demands strict proof thereof.  Liberty Mutual specifically denies that Elkins is entitled to any judgment, damages, and/or relief whatsoever from Liberty Mutual in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Venue is improper.

### SECOND AFFIRMATIVE DEFENSE

This civil action is due to be transferred pursuant to 28 U.S.C. § 1404.

### THIRD AFFIRMATIVE DEFENSE

Liberty Mutual adopts all defenses, both factual and legal, which are available to its principal, ACC, and expressly incorporates all such defenses derivative of the surety-principal relationship.

## FOURTH AFFIRMATIVE DEFENSE

By virtue of Plaintiff's action and conduct with respect to the Project made the subject of this action, all claims against Liberty Mutual, as surety, have been released and discharged.

## FIFTH AFFIRMATIVE DEFENSE

By virtue of Plaintiff's action and conduct with respect to the Project made the subject of this action, all claims against Liberty Mutual, as surety, have been waived.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages, if any, that it may have suffered. Among other things, Plaintiff failed to properly and timely submit claims for reimbursement with adequate information so that Liberty Mutual could promptly evaluate all claims. Further, Plaintiff expended resources and money for performance on the project that was unnecessary and/or excessive.

## SEVENTH AFFIRMATIVE DEFENSE

The liability of Liberty Mutual, as surety, is governed and limited by the terms and provisions of the Subcontract Performance Bond. Liberty Mutual pleads all defenses, conditions, and limitations as set forth in said Performance Bond.

## EIGHTH AFFIRMATIVE DEFENSE

Liberty Mutual asserts that its liability, if any, is subject to the penal sum limitation of the Subcontract Performance Bond.

{B1425304}

## NINTH AFFIRMATIVE DEFENSE

Liberty Mutual denies that Plaintiff has satisfied the conditions precedent required to make a claim under the Subcontract Performance Bond. Among other things, Plaintiff failed to perform its obligations under the Subcontract Performance Bond, including, but not limited to, properly submitting claims and information required for reimbursement so that Liberty Mutual could conduct a full and adequate investigation of the claims for reimbursement.

## TENTH AFFIRMATIVE DEFENSE

By virtue of Plaintiff's action and conduct with respect to the subject project, Plaintiff's claims are barred by the defense of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Liberty Mutual denies all allegations in the Complaint not specifically admitted and demands strict proof thereof.

## TWELFTH AFFIRMATIVE DEFENSE

Liberty Mutual denies that there is any causal relationship between some or all of the construction services performed by ACC and the events giving rise to Plaintiff's claim. Accordingly, some or all of the facts and circumstances set forth in the Complaint with respect to the claim of the Plaintiff are not within the scope of the subcontract Performance Bond.

## THIRTEENTH AFFIRMATIVE DEFENSE

The liability of Liberty Mutual, if any, is limited to the scope of work that ACC, as principal, agreed to perform.

## FOURTEENTH AFFIRMATIVE DEFENSE

Liberty Mutual denies that all claims for reimbursement from Elkins were properly submitted and/or payable including, but not limited to, overhead and profit.

## FIFTEENTH AFFIRMATIVE DEFENSE

Liberty Mutual denies that Elkins provided Liberty Mutual with all information necessary for it to perform an appropriate investigation of the claims for reimbursement.

## SIXTEENTH AFFIRMATIVE DEFENSE

Liberty Mutual reserves the right to amend this Answer and to submit additional defenses which may be developed during the course of discovery which is ongoing.

Respectfully submitted,

    /s/ Ty G. Thompson, Esq.
TY THOMPSON, ESQ.
Florida Bar No. 0585041
tthompson@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa Street, Suite 3700
Tampa, Florida 33602
(813) 229-3500 – Telephone
(813) 229-3502 – Facsimile
*Attorneys for Liberty Mutual*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

    /s/ Ty G. Thompson, Esq.